UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR14-103-CAS | Date | April 8, 2014 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Leandra Amber | Douglas Miller<br>Mack Jenkins |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) RONALD S. CALDERON | X | | X | 1) MARK GERAGOS | X | | X |
| 2) THOMAS M. CALDERON<br>(Waiver of Appearance filed) | NOT | | X | 2) SHEPARD KOPP | X | | X |

**Proceedings:** ORDER RE: GOVERNMENT'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER AS TO RONALD S. CALDERON (Dkt. #30, filed March 21, 2014)

## I.   INTRODUCTION AND BACKGROUND

On February 20, 2014, a grand jury charged defendants Ronald S. Calderon ("Ronald Calderon") and Thomas M. Calderon ("Thomas Calderon") in a 24-count indictment with mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, honest services fraud in violation of 18 U.S.C. § 1346, bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and aiding and abetting the filing of a false tax return in violation of 26 U.S.C. § 7206(2).  Dkt. #1.

On March 21, 2014, the government filed an ex parte application for a protective order regarding certain discovery materials.  Dkt. #31.  On March 25, 2014, Ronald Calderon filed an opposition to the government's application.  Dkt. #31.  The government replied on April 1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CRIMINAL MINUTES - GENERAL**

2014.  Dkt. #34.  The Court held a hearing on April 8, 2014.  After considering the parties' arguments, the Court finds and concludes as follows.[1]

**II.   DISCUSSION**

The government represents that it previously informed defendants that it was prepared to begin providing a "first wave" of discovery materials in early March 2014, provided that the parties could agree on a protective order.  The first wave consists primarily of documents obtained by grand jury subpoena, including bank records, flight records, credit card records, and business records.  The government also states its willingness to provide grand jury testimony in the first wave of discovery.  Additionally, in a second wave of discovery, the government states that it is prepared to provide certain FBI reports and recordings subject to the same protective order.  Ronald Calderon contends that a protective order is not warranted as to grand jury testimony or FBI materials because the government has not set forth good cause to support its application.[2]  However, at oral argument, Ronald Calderon and the government stated that they were in agreement that a protective order should issue regarding "financial information and personal information."

The government's position regarding the scope of the protective order is that such an order should restrict defendants' use of the aforementioned materials to trial preparation, and preclude defendants from providing any of the materials to uninterested parties without a court order.

In light of the parties' agreement regarding the protection of "financial information and personal information," the Court finds that a protective order should issue as to that information.  Moreover, for the reasons set forth below, the Court concludes that a protective order is appropriate as to grand jury transcripts, as well as documents obtained by grand jury subpoena that tend to disclose "matter[s] occurring before the grand jury," see Fed. R. Crim. P. 6(e)(2)(B), but not as to FBI reports and recordings.

---

[1] At oral argument, counsel for Thomas Calderon stated that his client would agree to the terms of the protective order negotiated between him and the government.  The Court will separately consider the protective order to be submitted by Thomas Calderon and the government.

[2] He also argues that the government would be unable to comply with a protective order, if one is issued.  In support of this argument, he cites an alleged news leak of a sealed FBI affidavit relating to a search warrant conducted of Ronald Calderon's office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CRIMINAL MINUTES - GENERAL**

**A.     Grand Jury Transcripts and Documents Subpoenaed by the Grand Jury**

Any discussion of the potential disclosure of grand jury proceedings begins with the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958); see also In re Grand Jury Investigation No. 78-184, 642 F.2d 1184, 1190 (9th Cir. 1981) (noting the "traditional and fundamental policy of grand jury secrecy").  In light of this policy, a party "seeking to obtain grand jury transcripts must demonstrate that 'without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done.'" Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 221 (1979) (citing Procter & Gamble, 356 U.S. at 682); accord United States v. Evans & Assocs. Const. Co., 839 F.2d 656, 658 (10th Cir. 1988) ("The part seeking disclosure must demonstrate that the need for disclosure outweighs the need for secrecy.").  If the court authorizes disclosure, it may do so "at a time, in a manner, and subject to any other conditions that it directs." Fed. R. Crim. P. 6(e)(3)(E); see also 1 Charles A. Wright, et al., Fed. Practice & Proc. Crim. § 110 (4th ed.).

Here, the government has offered to voluntarily disclose grand jury transcripts to defendants, but seeks a protective order setting forth the conditions under which the transcripts may be used by defendants.  Thus, Ronald Calderon is not seeking disclosure of the grand jury transcripts, but rather is requesting that the Court remove all limits on the government's voluntary disclosure.  This request runs contrary to the "long-established policy" of grand jury secrecy, see Procter & Gamble, 356 U.S. at 681.  Moreover, Ronald Calderon has not demonstrated a justification for unlimited disclosure of grand jury transcripts that outweighs that policy.  Cf. Evans & Assocs., 839 F.2d at 658.  Accordingly, the Court grants the government's ex parte application for a protective order as to grand jury transcripts, restricting its use to "defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship for trial preparation."  Proposed Protective Order at 2.

However, to the extent that the government intends to provide to Ronald Calderon documents that were obtained by grand jury subpoena, the Court finds that a protective order is appropriate only as to those documents that tend to disclose "matter[s] occurring before the grand jury."  See Fed. R. Crim. P. 6(e)(2)(B).  In this regard, "[d]ocuments created independently of the grand jury proceeding do not become 'matters occurring before the grand jury' simply because they have at some point been subpoenaed or reviewed by the grand jury. They fall within the reach of Rule 6(e) only if the context of the disclosure would somehow reveal the nature of the grand jury proceedings."  Sara S. Beale, et al., Grand Jury Law and Practice § 5:6 (2d ed.); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411-13 (9th Cir. 1993) (considering whether the "integrity of the grand jury's deliberative process" would be compromised by disclosure).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA        O

**CRIMINAL MINUTES - GENERAL**

Ronald Calderon and the government have not explicitly stated their respective positions regarding documents subpoenaed by the grand jury that do not fall within the category of "financial information and personal information." Documents in this category may exist for which the government contends that protection is appropriate because their disclosure would reveal a "matter occurring before the grand jury," Fed. R. Crim. P. 6(e)(2)(B). However, in some instances, Ronald Calderon may disagree. Ronald Calderon and the government are directed to meet and confer to develop a procedure for presenting to the Court any documents that are the subject of such a dispute.

### B.  FBI Reports and Recordings

Ronald Calderon is correct that the government must set forth good cause to obtain a protective order for FBI reports and recordings. See Fed. R. Crim. P. 16(d)(1) (stating that a "court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." United States v. Arredondo, 2012 WL 1946955, at *1 (D. Ariz. May 30, 2012) (quoting United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007)). "The injury [resulting from the lack of a protective order] must be shown with specificity." Id. The government has made no such showing in this case. Accordingly, the Court denies the government's application as it pertains to FBI reports and recordings that are required to be produced.[3]

## III.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART the government's ex parte application for a protective order.

The application is GRANTED as to "financial information and personal information," grand jury transcripts, and documents subpoenaed by the grand jury for which disclosure would reveal a "matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).

The application is DENIED as to FBI reports and recordings, as well as documents subpoenaed by the grand jury that do not reveal matters occurring before the grand jury.

---

[3] At the hearing, the government stated that it would not produce to Ronald Calderon certain FBI 302 reports, which it does not believe that it is required to produce at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA        O

## CRIMINAL MINUTES - GENERAL

Ronald Calderon and the government are directed to meet and confer to develop a procedure for presenting to the Court any documents for which a dispute has arisen regarding whether disclosure would reveal a matter occurring before the grand jury.

Ronald Calderon and the government are further directed to lodge with the Court a proposed protective order that is consistent with this minute order.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
|  | Initials of Deputy Clerk | | CMJ |

cc: Pretrial Service