ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
MACK E. JENKINS (SBN: 242101)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216/2091
    Facsimile: (213) 894-6436
    E-mail: douglas.m.miller@usdoj.gov
          mack.jenkins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 14-103-CAS |
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| RONALD S. CALDERON and THOMAS M. CALDERON, | |
| Defendants. | |

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT

    1.    All of the financial information and personal information the government produces in discovery in the above-captioned matter shall be subject to this PROTECTIVE ORDER. These documents primarily consist of bank records, flight records, credit card records, and business records. In addition, all of the grand jury transcripts and other documents subpoenaed by the grand jury that

reveal matters occurring before the grand jury shall be subject to this PROTECTIVE ORDER.

   2.   Documents that are subject to this PROTECTIVE ORDER shall be used solely by the government and defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship for trial preparation.  The PROTECTIVE ORDER shall not apply to FBI reports, FBI recordings, or documents subpoenaed by the grand jury that do not reveal financial information and personal information or matters occurring before the grand jury.  The government may indicate what discovery it believes is subject to the PROTECTIVE ORDER in a letter accompanying the production of that discovery, but the terms of this PROTECTIVE ORDER shall be controlling.

   3.   The purpose of this PROTECTIVE ORDER is to prevent the unauthorized dissemination, distribution, or use of materials subject to the PROTECTIVE ORDER for any purpose other than the preparation for trial or motions.  The PROTECTIVE ORDER applies to the government and government agents and employees as well as defendants, employees of defendants, attorneys for defendants, individuals hired by defendants or attorneys for defendants, including investigators and paralegals, and to any individual who is assisting any defendant or defense attorney in any way in connection with this case.

   4.   The material subject to this PROTECTIVE ORDER shall be kept in a secure place to which no person who does not have reason to know its contents has access.

5. The material subject to this PROTECTIVE ORDER shall only be viewed by and disclosed to persons who, by reason of their participation in this case, have reason to know such information.

6. The government, government agents, and government employees, as well as members of the defense team may review the content of any of the discovery in this case which is subject to the PROTECTIVE ORDER with a witness, a potential witness, or other individual necessary for trial preparation. Before being shown any item subject to the PROTECTIVE ORDER, however, the individual must be informed of, and agree in writing to be bound by, the requirements of this PROTECTIVE ORDER. That is, that he or she shall not disclose to any other person or entity any information covered by this PROTECTIVE ORDER. Further, that the individual may not retain documents or items, or any part of any document or item, or any reproduction or copy thereof, after his or her review of such document with the government, government agents, government employees, or members of the defense team is complete. Further, that the individual may not write, make, or retain any notes, or cause any person other than the government, government agents, government employees, or members of the defense team to write, make, or retain any notes that include any information covered by the PROTECTIVE ORDER.

7. The parties may request to have discovery that is subject to the PROTECTIVE ORDER exempted from the PROTECTIVE ORDER. To have discovery exempted from the PROTECTIVE ORDER, the moving party must first make a request of opposing counsel and make a good faith attempt to reach an agreement as to whether the discovery should be exempted from the PROTECTIVE ORDER. If the parties cannot reach an

1  agreement, the moving party may request the Court to rule on whether
2  the discovery should be exempted from the PROTECTIVE ORDER.  Any
3  request must state exactly which documents the moving party wants
4  exempted from the PROTECTIVE ORDER and include a declaration from
5  counsel that the parties were unable to reach an agreement despite a
6  good faith effort to do so.
7       8.   Should a dispute arise between the parties regarding
8  whether discovery is subject to the PROTECTIVE ORDER, including
9  whether it would reveal a matter occurring before the grand jury,
10 the parties must make a good faith attempt to resolve the dispute.
11 This shall require providing opposing counsel with cases and other
12 materials that support their position.  If the parties cannot reach
13 an agreement, the moving party may request the Court to rule on
14 whether discovery is subject to the PROTECTIVE ORDER and should
15 include the cases and other materials previously provided to
16 opposing counsel.  Any request to the Court must state exactly which
17 documents are the subjects of dispute and include a declaration from
18 counsel that the parties were unable to reach an agreement despite a
19 good faith effort to do so.
20      9.   Discovery produced in this case shall be viewed only for
21 this case.  Upon the final disposition of this case, whether by
22 guilty plea, conviction at trial, or otherwise, none of the
23 discovery obtained during the course of litigation in this matter
24 may be used, in any way, for any reason, absent the express written
25 agreement of the government or an order by this Court.  Upon the
26 final disposition of this case, whether by guilty plea, conviction
27 at trial, or otherwise, defense counsel shall maintain all discovery
28 in the matter in a secure and confidential manner consistent with

the California Business and Professions code and the Rules of professional conduct.

10. The PROTECTIVE ORDER shall bind the government, government agents, and government employees as well as defendants and their counsel of record, and present counsel-of-record shall insure that any successor counsel or co-counsel has been informed of, and has agreed to be bound by, the requirements of this PROTECTIVE ORDER before providing them with access to the discovery that is subject to the PROTECTIVE ORDER.

11. A willful violation of this PROTECTIVE ORDER by the government, government agents, government employees, defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

IT IS SO ORDERED.

April 21, 2014
DATE

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
DOUGLAS M. MILLER
Assistant United States Attorney

/s/
MARK J. GERAGOS
Attorney for Ronald S. Calderon

/s/
SHEPARD S. KOPP
Attorney for Thomas M. Calderon

5